**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


DIVERSIFIED CITRUS MARKETING, INC.,
a Florida corporation,

        Plaintiff,

vs.                                        CASE NO.: 3:06cv197/MCR/MD

EMERALD COAST FINEST PRODUCE
COMPANY, INC., a Florida corporation;
PRESTON W. THOMPSON, an individual;
CONNIE L. THOMPSON, an individual;
TAGHY FAKHRAEE, an individual; and
THOMPSON ENTERPRISES, INC., a
Florida corporation,

        Defendants.

_____/

**TEMPORARY RESTRAINING ORDER**

       This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

       In this case, it clearly appears frm the Affidavit of Claude Brunson that Plaintiff Diversified Citrus Marketing, Inc. is a produce dealer and trust creditor of Defendant Emerald Coast Finest Produce Company, Inc. ("Emerald Coast") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $81,806.65 supplied to said Defendant as required

by the PACA.  It is also clear from the same Affidavit and the Certification of Counsel that said Defendant is in severe financial jeopardy, that the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay the claims of its creditors (JSG Trading Corp. V. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.

On the basis of the pleadings, Affidavit and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989).  Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(5).  In accord with Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is ORDERED:

1.      Defendant Emerald Coast Finest Produce Company, Inc. ("Emerald Coast"), its agents, officers, subsidiaries, assigns, and all persons in active concert or participation with said Defendant, including Preston W. Thompson, Connie L. Thompson, Taghy Fakhraee and Thompson Enterprises, Inc., are enjoined and restrained from dissipating,

paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court.  Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Emerald Coast unless Emerald Coast can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided however, Emerald Coast may sell perishable agricultural commodities or products derived from perishable commodities for fair compensation, without right of set-off, on the condition that Emerald Coast maintains the proceeds of such sale subject to this Order.

2.      This Order shall be binding upon the parties to this action and all other persons or entitles who receive actual notice of this Order by personal service or otherwise.

3.      The $81,806.65 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4.      This Temporary Restraining Order is entered this 11th day of May, 2006, at 10:30 A.M.

5.      A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 23rd day of May, 2006, at 1:00 P.M., before the undersigned in Courtroom 4 North, United States District Court, One North Palafox Street, Pensacola, Florida.

6.      Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

**DONE and ORDERED** this 11th day of May, 2006.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:06cv197/MCR./MD